943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ann BRUNET, Denise Sachs, Vickie Fox, and the class of
plaintiffs, Plaintiffs-Appellants,
Guy E. Tucker, James Meyer, Stuart J. Tudor,
Intervenors-Plaintiffs-Appellees,
v.
CITY OF COLUMBUS, Ohio Civil Service Commission, Dana
Rinehart, Alphonse Montgomery, Defendants-Appellee.
 No. 91-3724.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1991.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 This is an appeal from the July 30, 1991, order of the district court enjoining the City of Columbus (the "City") from using gender-based criteria for the hiring of applicants for the class of firefighters which was scheduled to begin on August 19, 1991. Pursuant to orders entered by this court on August 16 and 19, 1991, the City has now hired applicants for the class and the class has been in session since August 20, 1991.
 
 
 3
 Pending before the court are the following motions: 1) motion to dismiss the appeal for lack of jurisdiction filed by the Tucker plaintiffs; 2) motion for emergency reconsideration of the motion to dismiss; 3) motions by the Tucker plaintiffs to reconsider the August 16 and 19 stay orders; 4) motion by the Brunet plaintiffs to strike reply brief; and, 5) motion by the Tucker plaintiffs for oral argument on their motion to dismiss and their motions for reconsideration.
 
 
 4
 We conclude, however, that it is not appropriate to rule on any of the pending motions. The district court's order pertained only to the hiring for the August, 1991, class of firefighters. The hiring of that class on August 20, 1991, rendered the district court's order moot. As the district court's order no longer has any legal effect, this appeal had also been rendered moot. Because we address only the issue of this court's continuing jurisdiction in this matter and do not address the merits of the pending motions, it is not necessary to consider the claim of the Tucker plaintiffs that Judge Martin not be a member of the panel ruling on the motions to reconsider.
 
 
 5
 The consent decree entered on February 27, 1989, remains in full force and effect and binding upon the City and its signatories. Although the Tucker plaintiffs have the right to challenge the consent decree on the grounds that it unlawfully discriminates against them, see Martin v. Wilks, 490 U.S. 755 (1989), such a challenge requires a full hearing and findings of facts. See United States v. Atlantic Refining Co., 360 U.S. 19 (1959); Stotts v. Memphis Fire Department, 679 F.2d 541, 561 (6th Cir.1982), reversed on other grounds, 467 U.S. 561 (1984).
 
 
 6
 It therefore is ORDERED that this appeal is sua sponte dismissed as moot. The class of firefighters which began on August 20, 1991, shall continue to completion under normal procedures.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation